ADMINISTRATRIX OF MICHAEL DUNHENE, DEC'D, *v.* THE OHIO LIFE INSURANCE AND TRUST COMPANY.

1. In an action to recover compensation for causing death by wrongful act, neglect, or default, the petition by the personal representative must show that *pecuniary damage* has been sustained by some particular person or persons, related to the deceased as widow, child, or next of kin.

2. Upon a petition for the benefit of the wife or children, such pecuniary damage will be presumed, and in no other case.

3. A brother, next of kin to the intestate, does not necessarily suffer such pecuniary damage.

4. The distribution provided for in such actions, by the act of March 25, A. D. 1851, is: 1. To the widow *and* children, in the proportions prescribed for the descent of personalty; if no widow, then to the children entire; if no children, then to the widow entire. 2. To the brothers and sisters; and so on.

5. The term "widow and next of kin," does not confine the right of recovery and distribution to the widow or children, it embraces whom-

soever may be next of kin to the deceased, who has suffered pecuniary damage by such wrongful act.

SPECIAL TERM.—On demurrer to amended petition.

The allegations of the amended petition are sufficiently stated in the decision.

*E. A. Thompson,* for plaintiff.

*Worthington & Matthews,* for defendant.

This is a petition filed by the plaintiff originally, setting forth that she was the mother of the deceased, aged and infirm, and was entirely dependent upon her son in his lifetime for her support. That on the 7th of August last, her son, while in the lawful pursuit of his business, was killed through the mere carelessness and default of the defendant and her agents; for which cause the plaintiff claimed damages in the sum of $5,000, under and by virtue of the provisions of the act in such case made and provided, passed on the 25th day of March, 1851, entitled "An act requiring compensation for causing death by wrongful act, neglect, or default." The act is as follows:

Sec. 1. "Whenever the death of any person shall be caused by the wrongful act, neglect, or default, and the act, etc., is such as would (if death had not ensued) have entitled the party injured to maintain an action, and recover damages in respect thereof, then, and in every such case, the person, etc., who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured," etc.

Sec. 2. "Every such action shall be brought by and in the name of the personal representatives of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal estates, left by persons dying

intestate; and in every such action, the jury may give such damages as they shall deem fair and just, not exceeding $5,000, with reference to the pecuniary injury, resulting from such death, to the wife and next of kin to such deceased person," etc.

To this petition a general demurrer was filed, and sustained by me at the April term of this court, for the reason that such an action could only be brought for the benefit of the widow, or next of kin, or both, as the case might be; in which the recovery could only be in respect of the pecuniary damage resulting to such widow, and next of kin, or either of them, from the death of such deceased person. It must, therefore, appear in the petition that a person or persons were in existence of the class named, i. e., a widow, or next of kin; and 2d, that a pecuniary damage had been sustained by such person or persons. So, also, it was necessary to state who the next of kin were; for the pecuniary damage sustained by the next of kin would depend very materially upon the relation sustained by such next of kin to the deceased. In the case of a widow, or children, whom a husband, or father, in his lifetime, was bound in law to support, the law would presume, at least, some pecuniary damage from the withdrawal of that support; and, therefore, it would not be necessary, in a petition, to set forth any special damage resulting to such widow or children from the death of such husband. Where no such obligation to support existed, it might be necessary to set forth the special damage sustained by such next of kin. In the present case, it was not averred that the plaintiff, though dependent upon her son for support, was his next of kin, or who his next of kin were, and so we could not say for whose benefit the money was to be paid, nor what the pecuniary damage would be.

Since then, the petition has been amended so far forth as to state, that "the deceased left no widow, has but one brother, who is a minor, and no sisters;" and a demurrer has again been filed against it.

If the original demurrer was properly sustained, it is plain

that the present must be also.   The petition still fails to inform us that the brother has claims to distribution as next of kin; he may, or he may not, be next of kin; as his mother, in the original petition, might, or might not, have been. The deceased may have left children as next of kin; if not, there is no special damage shown to have been received by the brother.

We were pressed on the hearing of the former, as of the present demurrer, with the proposition, that the statute in question was not intended to embrace next of kin more remote than children.   The ground of this proposition is, that the statute was intended for the benefit of those only who were dependent upon the deceased for support while in life.   If the liability to support was the only foundation of pecuniary interest, then the latter would only be coextensive with the former; and it would follow that whenever the liability to support ceased, the pecuniary interest would also cease; so, that if one should die, leaving children of full age only, who, while living, or at the time of his death, he was under no obligation in law to support, an action could not be maintained by his representatives for the benefit of such children.   Or, if some of his children were of full age, and others not, the latter only would be entitled to the benefit of the recovery.   And yet the statute expressly requires, that the fund when received shall be distributed to the widow and children, if these be next of kin, in the proportions provided by law in relation to the distribution of personal estates, etc.—i. e., to the children equally, whether of full age or not, to divide with the widow one-half of the first $400, and two-thirds of the remainder.   If a mother should die, leaving children, according to the construction of the statute asked, they would fall within the term "next of kin," and an action for their benefit might be maintained against the wrong doer; and yet a mother is under no legal obligation to support her children, though she is under a strong natural and moral obligation so to do.   On the other hand, if a wife should be destroyed, leaving no children, the husband, as

next of kin, would have no cause of action, although he might be infirm and helpless, wholly dependent upon his wife's exertions for his support.  So a husband might be dependent for his support upon an annuity granted during the life of his wife, and therefore, in consequence of her decease, sustain a great pecuniary loss, and yet have no relief.  These, and cases of a like sort, show that next of kin, other than children, may have a pecuniary interest in the life of the person deceased, without being entitled to a support from such person; while, on the other hand, it has been shown that children may have no such pecuniary interest as that dependent upon mere support.

The phrase "next of kin," is as well understood, in a technical sense, as the word "children."  It comprehends children, and much more.  It means those who are entitled to come in, in the order of inheritance; in the case of personalty, 1. Children; 2. Husband, or wife; 3. Brothers and sisters; and so on.  If children only were meant, it would have been much more simple and natural, and certainly much more intelligible, to so speak.  That would have been a word susceptible of no misunderstanding.  "To be distributed to the widow and children in the proportions provided by law in relation to the distribution of personal estates," is language so much more intelligible than "to the widow and next of kin," if children only were meant, that it seems almost like accusing the legislature of stupidity not to have used it.  But why, it may be asked, was the expression used, "to be distributed to the widow and next of kin, in the proportions provided by law," etc., since there is no apportionment between the widow and next of kin, other than children?  I answer, that the more comprehensive phrase was used, because, in the event of their being children left, it would necessarily include them, and the law was intended to cover any contingency that might arise.  If there should be no children, the distribution would be to the widow entire; if no widow, to the children entire; if both widow and children, in certain proportions fixed by law; if neither, to whomsoever might

Admr'x of Michael Dunhene, dec'd, v. Ohio Life Insurance and Trust Co.

be next of kin. All these cases are covered by the language used; whereas, if next of kin, as such, were intended to be excluded, it could have been effectually and thoroughly done by using the word "children" instead.

The first section of the law seems consonant with this interpretation of the second. It provides that the action may be brought in all cases where the party injured, had not death happened, might have brought an action, and recovered damages in respect of the injury. Should a party thus injured bring an action, and recover damages, such damages would go into the estate, and be distributed to the widow and next of kin generally. In such an event, it would hardly be claimed, I think, that his personal representative would institute another action in respect of his death, and bring about a second distribution. Should the decedent in his lifetime fail to prosecute, his representatives are authorized to bring an action in his stead to reimburse the loss which the injury may have occasioned; and though the party himself had sued for it, the recovery, when had, would be distributed in the same mode; the only difference being, that as the recovery in the latter case would seem to be the price of blood, it should go to those more immediately affected by the loss, and not pass as merchandize into the general estate.

Laws similar to this have been enacted elsewhere, as in New York, and in Great Britain; yet I have been able to find no construction put upon them to assist me in coming to a safe conclusion. That construction of the law which is most likely to remedy the evils arising from carelessness, or wanton wrong, is the one which gives compensation to all those who have sustained a pecuniary loss thereby, to the extent of such loss, rather than the one which restricts it to the smallest number; so that, if an individual should unhappily be not blessed with wife or child, his life, however valuable to others, may not be wholly unrecompensed.

Demurrer sustained, and cause dismissed.